**Alex Andronico BAIRES–CHAVEZ, aka Edardo Gascan, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–74814.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 22, 2008.

Edgardo Quintanilla, Esq., Sherman Oaks, CA, for Petitioner.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Minick, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Alex Andronico Baires–Chavez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for relief under former § 212(c) of the Immigration and Nationality Act. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the discretionary decision to deny Baires–Chavez § 212(c) relief. *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Vargas–Hernandez v. Gonzales,* 497 F.3d 919, 923 (9th Cir.2007) ("Discretionary decisions, including whether or not to grant § 212(c) relief, are not reviewable."). Baires–Chavez's contentions that the agency improperly weighed the factors in his case, and that the BIA improperly considered his criminal offense, do not state colorable due process claims. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Vargas–Hernandez,* 497 F.3d at 923.

We reject Baires–Chavez's contention that the BIA violated due process by acting ultra vires. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (BIA may review de novo questions of discretion); *Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

To the extent Baires–Chavez contends that the IJ was biased, we agree with the BIA that he was not prevented from reasonably presenting his case. *See Colmenar,* 210 F.3d at 971.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.